IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

      PLAINTIFF,

      *v.*

$98,827.00 IN UNITED STATES
CURRENCY,

      DEFENDANT.

Civil Action No.

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Norman L. Barnett, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

## NATURE OF THE ACTION

1.    This is a civil forfeiture action against $98,827.00 in United States currency ("Defendant Currency") seized from Marcos Edwyn Blanco Gomez ("Blanco Gomez") by officers with the Acworth Police Department ("APD") during a traffic stop at Cobb Parkway and Bridgewater Drive, in Acworth, Georgia, on or about June 22, 2023.

2.    On or about June 22, 2023, the U.S. Drug Enforcement Administration

1

("DEA") adopted the seizure of the Defendant Currency.

3.   The Defendant Currency is presently located in a secure account maintained by the DEA.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

5.   This Court has in rem jurisdiction over the Defendant Currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

6.   Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

7.   Venue also is proper in this district pursuant to 28 U.S.C. § 1395 because the property is presently being held by the DEA in this district.

## BASIS FOR FORFEITURE

### Relevant Statutes

8.   The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C.

§ 841.

9.      The Defendant Currency also is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from proceeds traceable to a violation of a "specified unlawful activity."

10.      18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

11.      18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in a controlled substance or listed chemical."

## Factual Background

*Traffic Stop and Seizure of Defendant Currency*

12.      On or about June 22, 2023, the DEA was conducting surveillance at a residence located at 107 Cedar Creek Court, Acworth, Georgia 30101 as part of a money laundering investigation.

13.      While conducting surveillance, law enforcement officers observed a white Ford F-150 with Georgia license plate TGV1601 ("White F-150") leave the driveway of the residence.

14.      The driver of the White F-150 was later identified as Blanco Gomez.

15.      Law enforcement officers then observed the White F-150 stop at the Bank of America branch located at 4460 Cobb Parkway, Acworth, Georgia and

drive through the ATM at the branch.

16.     The White F-150 exited the Bank of America and returned to Cobb Parkway.

17.     APD Officers Anthony Trapani and Cody Lumpkin observed the White F-150 failing to maintain its lane of travel and activated their emergency lights to initiate a traffic stop on the White F-150.

18.     Blanco Gomez initially appeared to disregard the emergency lights before coming to a complete stop at the intersection of Cobb Parkway and Bridgewater Drive.

19.     Officer Lumpkin approached the driver's side of the White F-150, where he made contact with Blanco Gomez and informed him of the reason for the stop.

20.     Blanco Gomez was the sole occupant of the White F-150.

21.     Blanco Gomez admitted to Officer Lumpkin that he was using his cell phone, which caused him to fail to maintain his lane of travel.

22.     Officer Trapani approached the White F-150 and observed that Blanco Gomez was nervous, that his hands were shaking, and that he had rapid shallow breathing.

23.     Based on his observations of Blanco Gomez, Officer Trapani ordered

Blanco Gomez to exit the White F-150.

24.     Blanco Gomez refused to exit the White F-150.

25.     Because of Blanco Gomez's refusal to exit the vehicle, Officer Trapani reached into the vehicle to remove Blanco Gomez.

26.     Blanco Gomez then pulled the door handle of the vehicle shut to prevent Officer Trapani from removing him.

27.     Officer Trapani then forcibly opened the door to the White F-150, gained control of Blanco Gomez's wrist, and handcuffed him.

28.     Officer Trapani placed Blanco Gomez under arrest and secured him in the backseat of a patrol vehicle.

29.     Based on his observations of Blanco Gomez's behavior, Officer Lumpkin requested a Bartow County Sheriff's Office K-9 unit to conduct a free air sniff on the White F-150.

30.     Deputy Nick Henderson with the Bartow County Sheriff's Office arrived on scene and deployed canine Athos to conduct a free air sniff on the White F-150.

31.     Athos is a dog certified to detect the odor of narcotics.

32.     Deputy Henderson walked Athos around the White F-150.

33.     According to Henderson, Athos displayed a final indication of

5

narcotic odor coming from the White F-150.

34.     Following Athos' positive alert, the law enforcement officers on scene searched the White F-150.

35.     During the search, Deputy Henderson located a red Milwaukee box filled with United States Currency later identified as the Defendant Currency.

36.     The Defendant Currency was bundled in plastic wrappings with one bundle wrapped in blue tape.

37.     Based on the training and experience of law enforcement officers involved in this investigation, the Defendant Currency was packaged in a manner consistent with money used in the distribution of controlled substances.

38.     The following photograph fairly and accurately depicts Defendant Currency after it was removed from the red Milwaukee box and placed on the tailgate of the White F-150 during the traffic stop:



39.     Deputy Henderson placed the red Milwaukee box that contained the Defendant Currency on the ground in a grass field at the entrance to a subdivision near where the traffic stop occurred.

40.     Deputy Henderson then deployed Athos again.

41.     According to the Henderson, Athos displayed a final indication of the presence of narcotics odor on the red Milwaukee box that contained the Defendant Currency.

42.     DEA arrived on scene and took possession of the Defendant Currency.

43.     DEA subsequently conducted an official count of the Defendant Currency and determined that it equaled $98,827.00, consisting of the following denominations:

- 264 $100.00 bills,

- 129 $50.00 bills,

- 3,184 $20.00 bills,

- 207 $10.00 bills,

- 43 $5.00 bills, and

- 12 $1.00 bills.

44.     Blanco Gomez was issued arrest warrants for violations of the Official Code of Georgia including failure to maintain lane, distracted driving, and obstruction/hindering law enforcement.

45.     Officer Trapani transported Blanco Gomez to the Cobb County Adult Detention Center for processing.

46.     The White F-150 was towed from the roadway.

*Execution of Search Warrant at 107 Cedar Creek Court, Acworth, Georgia 30101*

47.     During the traffic stop involving Blanco Gomez, deputies with the Paulding County Sheriff's Office applied for and obtained a search warrant to search 107 Cedar Creek Court, Acworth, Georgia, 30101.

48.     DEA Task Force Officer David Salazar located a ledger found in a bedroom.

49.     Based on information and belief, the ledger was found in a bedroom belonging to Blanco Gomez.

50.     The ledger appeared to record amounts of United States currency.

51.     Pages in the ledger had dollar bills attached to them with names and amounts of United States currency written on them.

52.     The amounts of United States currency written on the dollar bills also appeared to be broken down in different denominations of United States currency.

8

53.    The following photographs fairly and accurately depict pages from

the ledger located in the bedroom believed to belong to Blanco Gomez:



54.    Based on the training and experience of law enforcement officers

involved in this investigation, the ledger and its contents are consistent with

money laundering activity and the distribution of controlled substances.

55.     Agent Joey Horsley with the Haralson-Paulding Drug Task Force observed packages of rubber bands and an electronic money counter in the bedroom believed to belong to Blanco Gomez.

56.     Based on the training and experience of law enforcement officers involved in this investigation, rubber bands and money counters are associated with money laundering activity and the distribution of controlled substances.

*Administrative Proceedings*

57.     DEA initiated administrative proceedings against the Defendant Currency on or about August 15, 2023.

58.     On August 23, 2023, Douglas Weinstein, Esq., The Abt Law Firm, LLC, filed an administrative claim with DEA on behalf of Blanco Gomez, asserting an interest in the Defendant Currency.

59.     On the administrative claim, Blanco Gomez's address was listed as 107 Cedar Creek Court, Acworth, Georgia 30101.

60.     Pursuant to 18 U.S.C. § 983(a)(3), DEA referred the matter for judicial forfeiture to the U.S. Attorney's Office for the Northern District of Georgia.

**FIRST CLAIM FOR FORFEITURE**
**21 U.S.C. § 881(a)(6)**

61.     The United States re-alleges and incorporates by reference

Paragraphs 1 through 60 of this Indictment as if fully set forth herein.

62.    Based on the foregoing, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or was intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange, or that it was used or was intended to be used to facilitate the possession of a controlled substance in violation of 21 U.S.C. § 841.

## SECOND CLAIM FOR FORFEITURE
### 18 U.S.C. § 981(a)(1)(C)

63.    The United States re-alleges and incorporates by reference Paragraphs 1 through 60 of this Indictment as if fully set forth herein.

64.    The Defendant Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, namely the illegal distribution of controlled substances.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays:

(1)    that the Court forfeit the Defendant Currency to the United States of America;

(2)    that the Court award the United States the costs of this action; and

(3)     such other and further relief as the Court deems just and proper.

This 21st day of November 2023.

Respectfully submitted,

RYAN K. BUCHANAN
   *United States Attorney*
   *600 U.S. Courthouse*
   *75 Ted Turner Drive SW*
   *Atlanta, GA 30303*
   *(404) 581-6000  fax (404) 581-6181*


/s/NORMAN L. BARNETT
   *Assistant United States Attorney*
   Georgia Bar No. 153292
   norman.barnett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

      PLAINTIFF,

      *v.*

$98,827.00 IN UNITED STATES
CURRENCY,

      DEFENDANT.

Civil Action No.

## **VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, David Salazar, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 21st day of November 2023.

*D. Salazar*
_____
DAVID SALAZAR
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION